NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0208n.06
Filed: March 23, 2005

No. 04-5103

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NORTHFIELD INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | ) ) ) ) | |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| KENTUCKY ASSOCIATION OF COUNTIES ALL LINES FUND TRUST, | ) ) ) | EASTERN DISTRICT OF KENTUCKY |
| Defendant-Appellee, | ) ) | OPINION |
| and FRANKLIN COUNTY, KENTUCKY, | ) ) | |
| Defendant-Appellant. | ) ) | |

Before: COLE and GILMAN, Circuit Judges; and POLSTER, District Judge.[*]

**RONALD LEE GILMAN, Circuit Judge.** Franklin County, Kentucky incurred liability in excess of $5 million when its County Jailor, Hunter Hay, sexually harassed and retaliated against a number of employees at the Franklin County Jail. During the period of this illegal conduct, Franklin County was insured through the Kentucky Association of Counties All Lines Fund (KALF), a self-insurance program administered by a nonprofit corporation representing the various counties in Kentucky. KALF in turn purchased several excess-liability insurance policies from

_____

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

Northfield Insurance Company and from certain underwriters at Lloyds of London to reinsure the risks that it underwrote.

Seeking a declaratory judgment that they had no duty to indemnify Franklin County for any of the claims arising from Hay's conduct at the jail, the three insurers brought the present action. The district court granted summary judgment in their favor and dismissed Franklin County's counterclaims.

On appeal, Franklin County argues that the district court erred in ruling that (1) the insurers had no duty to indemnify the County because the illegal conduct was excluded from coverage as an "intentional tort" that the County knowingly failed to correct upon discovery, (2) the County was not entitled to reimbursement for the $537,000 in settlements it paid without KALF's prior written consent, and (3) KALF had not violated Kentucky insurance laws in the drafting, marketing, and sale of its insurance policies.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we conclude that the district court did not err in granting summary judgment to the insurers. Because the reasoning that supports the judgment for the insurers has been clearly articulated by the district court in a thorough and comprehensive 35-page decision, the issuance of a detailed written opinion by us would be unduly duplicative. Accordingly, the judgment rendered by the Honorable Joseph M. Hood, United States District Court Judge for the Eastern District of Kentucky at Frankfort, is **AFFIRMED** on the basis of the reasoning detailed in his Memorandum Opinion and Order dated October 29, 2003.